**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BENCHMARK ACQUISITIONS, LLC,** | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | **Civil Action No. 4:16-cv-2373** |
| **V.** | § | |
| | § | |
| **CITY OF SUGAR LAND,** | § | |
| **DEFENDANT** | | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION, APPLICATION FOR PERMANENT INJUNCTION, AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Benchmark Acquisitions, LLC ("Benchmark"), files its Plaintiff's First Amended Original Petition, Application for Permanent Injunction, and Request for Declaratory Judgment, against the Defendant, City of Sugar Land (the "City" or "Sugar Land"), and for cause of action would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiff asserts that discovery should be conducted under a tailored discovery control plan, Level Three (3), in accordance with Tex. R. Civ. P. 190.4.

### II. RELIEF SOUGHT - Rule 47(c)

2.      Under Tex. R. Civ. P. 47(c)(5), in addition to the equitable remedies sought, or in the alternative, Plaintiff seeks monetary relief over $1,000,000.00, excluding mandatory damages and penalties, attorney's fees, interest, and court costs.

### III.  JURISDICTION AND VENUE

3.      The State District Court of Fort Bend County, Texas (the "State Court") has jurisdiction over Defendant because the City is duly incorporated under the laws of the State of Texas, located in Fort Bend County, Texas.  The State Court has jurisdiction over the controversy because the subject-matter and damages are within the jurisdictional limits of the State Court.  This action is based, in part, on an inverse condemnation action against the City under Tex. Const. art. I, § 17, which prohibits the taking, damaging, or destruction of a person's private property for public use without adequate compensation.

4.      Venue is proper in Fort Bend County, Texas because all or a substantial part of the events or occurrences giving rise to the claim occurred in Fort Bend County, Texas.  Benchmark's land, that is the subject-matter of this controversy, is located in Fort Bend County, Texas.

### IV.  PARTIES

5.      Plaintiff, Benchmark Acquisitions, LLC, is a Texas limited liability company, duly formed and existing under the laws of the State of Texas, doing business in Fort Bend County, Texas.

6.      Defendant, City of Sugar Land, is an incorporated city in Fort Bend County, Texas, and has already been served with process by serving its current Mayor, James A. Thompson, at 2700 Town Center Blvd. North, Sugar Land, Fort Bend County, Texas 77479.

7.      Benchmark is notifying and sending a file-stamped copy of the amended petition to the Honorable Ken Paxton, Texas Attorney General, Office of the Texas Attorney General, P.O. Box 12548, Austin, Texas 78711-2548, in accordance with the provisions of Tex. R. Civ. P. 21a and Tex. Civ. Prac. & Rem. Code § 37.006(b).

## V.  FACTS

8.     Benchmark is the fee simple owner of an approximate 311-acre tract of undeveloped land it purchased from the State of Texas, more particularly described by metes and bounds in the Deed, as attached hereto and incorporated by reference herein as Exhibit "A" (the "Tract").

9.     On or about March 23, 2006, for good and valuable consideration, Benchmark executed a Contract for Sale, as purchaser, with the State of Texas (the "State"), as seller, for the sale of the Tract to Benchmark (the "Contract").  The State had approached Benchmark regarding the sale of the Tract because Benchmark developed the neighboring residential subdivision and possessed the access needed to develop the Tract.

10.     At the time the Contract was signed, the Tract was within the extra-territorial limits of the City of Sugar Land but not within its city limits.  Benchmark negotiated and signed the Contract with the State with the understanding, expectation, and intent that it could develop the land on the Tract as a residential development for the construction and sale of single-family homes.

11.     Unhappy with this transaction, Sugar Land then moved to annex the area encompassing the Tract which was owned at the time by the State of Texas.  After purportedly annexing approximately 557 acres within City limits, including the Tract, the City designated the annexed land as automatic single-family zoning (R-1), notwithstanding the fact that it was property of the State of Texas.

12.     The Tract is not in the flight path of the Sugar Land Regional Airport and is at least one-half mile west of the airport.  It is not part of an airport extension or airport property.  The Tract does not constitute an airport hazard.  Nevertheless, on or about July 18, 2006, while the Tract was still owned by the State, Sugar Land's City Council purported to adopt Ordinance No.

1571 to zone and restrict approximately 554 acres, including the Tract, as part of Airport Zoning District 1, with a zoning designation of AZ-01 (the "AZ-01 Ordinance"). The City maintains that a zoning designation of AZ-01 prohibits the designated area from being developed for the purpose of residential use and some non-residential uses. The zoning of the Tract as part of an airport zoning district was not reasonable or necessary. The City's actions as to the Tract were unreasonable, arbitrary and capricious.

13.     On or about August 15, 2006, while the Tract was still owned by the State, Sugar Land's City Council purported to adopt Ordinance No. 1578, attempting to zone a 554 acre area for light-industrial zoning (M-1), including the Tract (the "M-1 Ordinance"). With such a zoning designation, the City contends that residential development of the Tract is not permitted.

14.     At the time the City annexed the land and initiated Ordinance Nos. 1571 and 1578, the City knew that Benchmark intended to develop the Tract as a single-family residential subdivision. The City intended to sabotage Benchmark's development of the Tract for single-family dwellings. The City thus acted in bad faith to thwart Benchmark's known plan to develop the Tract for residential development.

15.     Benchmark and the State closed on the Contract for Sale on or about April 13, 2007. At the closing, the State executed and delivered a Deed Without Warranty, conveying fee simple title to Benchmark. The Deed was recorded in the Real Property Records of Fort Bend County, Texas, under Fort Bend County Clerk's File No. 2007046117. *See* the attached Exhibit "A."

16.     The City attempted to adopt the AZ-01 and M-1 Ordinances on the Tract when the Tract was still owned in fee simple by the State of Texas.

17.     Benchmark contends that the City's AZ-01 and M-1 Ordinances on the Tract were not passed by its City Council in accordance with a properly adopted comprehensive plan. The

City's comprehensive plan had not been properly adopted in accordance with legal requirements. In addition, the City's supposed comprehensive plan did not provide that the Tract would be zoned as part of an airport district or for light-industrial use.

18.     The proposed Chapter 6 Land Use Plan was never properly adopted by City Council. And the document acknowledges that no public input was sought on the area encompassing the Tract for light-industrial use--no recommendation for light-industrial use "should be approved for any type of development until adequate access and infrastructure have been provided." After at least nine years from when the ordinances were purportedly adopted, the City has yet to provide any access and infrastructure for the Tract. The Tract remains undeveloped for any purpose. The City continues to frustrate Benchmark's residential development plans for the Tract.

19.     Under TEX. LOC. GOV'T CODE § 211.007, required written notices of hearings on a zoning classification must be given to owners who own property within 200 feet of the land on which the proposed zoning classification is to be made. Benchmark was never given the necessary notices of the City's proposed zoning of the Tract. On information and belief, other owners of property within 200 feet of the Tract did not receive the required written notice from the City, either.

20.     On or about May 6, 2013, Benchmark first submitted and filed an Application for a General Land Plan, with the appropriate number of copies, submittal fees, and other required documents, to the City for approval (the "Application"). Benchmark requested that the City approve its General Land Plan of a single-family, residential development to be called "Abbey Lakes." Benchmark informed the City that, once implemented, the development should result in over $225,000,000 of taxable value for Sugar Land.

21.     In late May 2013, the City summarily denied Benchmark's Application without presenting it for consideration, in part, on the grounds that the Tract was zoned as AZ-01 and M-1, and, as such, could not be developed as a single-family, residential subdivision.   The City maintained that the Tract was zoned and restricted for industrial use only.   "This application is unable to be processed further and must be rejected."

22.     On or about July 24, 2014, Benchmark submitted a Supplemental Application for General Land Plan for a Residential Development of the Tract to the City, together with a Traffic Impact Analysis, Park calculations, conceptual service plans for water, wastewater and drainage showing coordination with the City's master plans, and other studies and documents (the "Supplemental Application").   The City failed to act on this filing within thirty days.   Benchmark has no record of any action taken by the City on its Supplemental Application.   Though requested by Benchmark, the City also failed or refused to issue a certificate or acknowledgement of no action taken on the submittal.

23.     Benchmark submitted to the City all additional plans, documents, maps, and any other materials or information required under the Sugar Land Development Code in support of its Application and Supplemental Applications to develop the Abbey Lakes single-family residential development.   In spite of meeting these requirements, the City, nevertheless, refused, denied or failed or to act on Benchmark's Application and Supplemental Applications for the Abbey Lakes development on the grounds that the Tract is zoned AZ-01 and M-1, and residential development of the Tract is prohibited under the City's Ordinance Nos. 1571 and 1578.

24.     Benchmark also requested a variance from the City, asking that the City grant it a variance from these alleged zoning restrictions on the Tract, based on special circumstances, and approve the Abbey Lakes residential development.   Benchmark tendered its Application for a

Variance, submittal fees, and any other required documents under the Sugar Land Development Code, to the City. The City, however, denied Benchmark's variance application for the same reasons, standing on Ordinance Nos. 1571 and 1578, the zoning restrictions cited above. The City refused to submit the Supplemental Applications or request for a variance for consideration.

25.     As a result of the City's unreasonable, arbitrary and capricious acts, Benchmark's Tract still remains undeveloped, in spite of its repeated efforts over the years to work with the City for an attractive and mutually beneficial project.

## VI.  CAUSES OF ACTION

### *Suit for Declaratory Relief and Vested Rights Claim under Texas Law and the Texas Constitution*

26.     Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-25 and pleads the following claims for relief. Under the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*. INCLUDING § 37.006(b), Benchmark requests that the Court declare that Sugar Land Ordinance Nos. 1571 and 1578 are invalid and void ab initio as to the Tract and that Benchmark has a vested right to develop the Tract as the Abbey Lakes single-family, residential development. Benchmark has complied with the provisions of TEX. LOC. GOV'T CODE § 245.001, *et seq.*, and is authorized to enforce its vested rights against the City as set forth under TEX. LOC. GOV'T CODE § 245.006.

27.     Since the City's Ordinance Nos. 1571 and 1578 were invalid and void at the time Benchmark first submitted its General Land Plan Application to the City for the Abbey Lakes development on the Tract, the effective state and local ordinances and regulations in place at the time the original land plan of development is filed with the City controls the approval process throughout the development of the land, regardless of any subsequent ordinances passed. *See* TEX.

LOC. GOV'T CODE § 245.002(a), (b).  Benchmark's Application designated the entire Tract for residential development.

28.    The Court should declare the City's Ordinance Nos. 1571 and 1578 invalid and void ab initio, and of no force and effect as to the Tract, for the following reasons, including but not limited to:

- Under Sugar Land Development Code Chap. 2, Article I, § 2-2(a) – Application and Exceptions, the City's zoning regulations do not apply to land owned by the State.  And under TEX. LOC. GOV'T CODE § 211.013(c), the municipal zoning authority of a home-rule city, like Sugar Land, does not apply to land under the control, administration or the jurisdiction of the State.  Thus, the AZ-01 and M-1 Ordinances were void, ab initio, when the City purportedly adopted them because the State still owned the Tract.  They are of no force and effect as to the Tract.

- Under TEX. LOC. GOV'T CODE § 211.004, for the City's AZ-01 and M-1 Ordinances to be valid as to the Tract, the passage of these ordinances must also have conformed with an effective comprehensive plan adopted by the City.

- Ordinance Nos. 1571 and 1578, moreover, must have complied with Sugar Land Development Code Chap. 2, Article I, Part 1, Sec. 2-3 – Comprehensive Plan, which states that "All zoning amendments must conform to the comprehensive plan."

- The City's AZ-01 and M-1 Ordinances on the Tract did not conform to the existing Sugar Land comprehensive plan at the time they were allegedly enacted.

- Under TEX. LOC. GOV'T CODE § 211.007, required written notices of hearings on zoning classification must be given to owners who own property within 200 feet of the land on which the proposed zoning classification is to be made.  Benchmark was never given the necessary notices of the City's proposed zoning of the Tract.  On information and belief, other owners of property within 200 feet of the Tract did not receive the required written notice from the City, either.

- The City failed to meet the requirements of TEX. LOC. GOV'T CODE §§ 241.012, 241.016, and 241.017, in its attempt to adopt the AZ-01 ordinance.

- The AZ-01 ordinance as to the Tract is not reasonable, and the requirements of this restriction on the Tract are not reasonably necessary to achieve the purposes of TEX. LOC. GOV'T CODE CHAPTER 241, including TEX. LOC. GOV'T CODE §§ 241.018.

- Accordingly, the City's AZ-01 and M-1 Ordinances on the Tract are invalid and void ab initio because they are in violation of TEX. LOC. GOV'T CODE §§ 211.004,

211.007, 211.013(c), TEX. LOC. GOV'T CODE CHAPTER 241, and the Sugar Land Development Code. Under TEX. CONST. ART. XI, § 5, moreover, no City ordinance shall contain any provision inconsistent with the Texas Constitution or the general laws of the State of Texas.

- The City's AZ-01 and M-1Ordinances on the Tract are invalid and void ab initio because the City acted in an arbitrary and capricious manner in adopting them.

29.     For all of the above reasons, among others, Benchmark requests a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, to the effect that the AZ-01 and M-1 zoning designations, under the City's Ordinance Nos. 1571 and 1578, are invalid, null and void, and of no force and effect on the Tract. Benchmark further asks for a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, that it is entitled to develop the Abbey Lakes development of the Tract as a single-family, residential development, to be approved by the City without any restrictions or reservations under Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions.

30.     Benchmark also asks that the Court grant a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, that Benchmark has a vested right in the development of the Tract as a single-family, residential development, at least as of May 6, 2013, and that the City must consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect as of this date, but excluding any purported zoning restrictions on the Tract as part of Airport Zoning District 1 or as light-industrial, or as otherwise restricted under the City's zoning designations of AZ-01 or M-1, or any other offending designation or restrictions.

### Substantive Due Course of Law under the Texas Constitution

31.     As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in

paragraphs 1-30 and pleads the following claims for relief.  Under the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, including § 37.006(b), Benchmark requests that the Court declare that Sugar Land Ordinance Nos. 1571 and 1578 are invalid and void *ab initio* as to the Tract because these ordinances constitute substantive due course of law violations of Benchmark's constitutional rights under TEX. CONST. ART. I, §§ 19 and 21, which prohibit the deprivation of vested property rights except by due course of law, and violates Benchmark's rights under the Texas Bill of Rights.  As such, the Ordinances are unconstitutional and void under the Texas Constitution.

32.     The City's Ordinance Nos. 1571 and 1578 as to Benchmark's Tract fail to serve or advance any legitimate governmental interest and are so arbitrary or irrational that they run afoul of the Due Course of Law Clause under the Texas Constitution.  These ordinances cannot be imposed upon the Tract because they do not bear a substantial relation to the public health, safety, morals, or general welfare of the public.  There is no rational relationship between the Ordinances and their supposed purpose.  No practical use can be made of Benchmark's Tract under the zoning restrictions imposed by the City's purported Ordinances.   The City's Ordinances are so unreasonable and arbitrary as to amount to an invalid exercise of power or a clear abuse of power. Under TEX. LOC. GOV'T CODE § 245.006, Benchmark also has a constitutionally protected vested right under the Texas Constitution in developing the Tract as a residential, single-family development, but the City wrongfully denies Benchmark's vested rights in the Tract.

33.     Benchmark, therefore, requests a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq,* to the effect that the AZ-01 and M-1 zoning designations, under the City's Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions, are invalid, unconstitutional, null and void and of no force and effect on the Tract under the Texas

Constitution.  Benchmark further asks for a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, that it is entitled to develop the Abbey Lakes development of the Tract as a single-family, residential development, to be approved by the City without any restrictions or reservations under Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions.  Benchmark also asks that the Court grant a declaratory judgment under this Act such that Benchmark has a vested right in the development of the Tract as a single-family, residential development, free and unrestricted from these invalid ordinances.

### Procedural Due Course of Law under the Texas Constitution

34.  As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-30 and pleads the following claims for relief.  Under the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, including § 37.006(b), Benchmark requests that the Court declare that Sugar Land Ordinance Nos. 1571 and 1578 are invalid and void ab initio as to the Tract because these ordinances constitute a procedural due course of law violation of Benchmark's constitutional rights under TEX. CONST. ART. I, §§ 19 and 21, which prohibit the deprivation of Benchmark's vested property rights except by due course of law, and violate Benchmark's rights under the Texas Bill of Rights.  The City failed to provide Benchmark with the proper notices and opportunity to be heard as to its decisions on Benchmark's property rights in the Tract.  Under TEX. LOC. GOV'T CODE § 245.006, Benchmark also has a constitutionally protected vested right under the Texas Constitution in developing the Tract as a residential, single-family development, but the City wrongfully denies its vested rights in the Tract.  As such, the Ordinances are unconstitutional under the Texas Constitution.

35.     Benchmark, therefore, requests a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, to the effect that the AZ-01 and M-1 zoning designations, under the City's Ordinance Nos. 1571 and 1578, as well as any other offending designation or restrictions, are invalid, unconstitutional, null and void and of no force and effect on the Tract under the Texas Constitution.  Benchmark further asks for a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, that it is entitled to develop the Abbey Lakes development on the Tract as a single-family, residential development, to be approved by the City without any restrictions or reservations under Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions.  Benchmark also asks that the Court grant a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, that Benchmark has a vested right in the development of the Tract as a single-family, residential development, free and unrestricted from these invalid ordinances.

### *Equal Rights Challenge under the Texas Constitution*

36.     As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-30 and pleads the following claims for relief.  Based on the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, including § 37.006(b), Benchmark requests that the Court declare that Sugar Land Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions, are invalid and void ab initio as to the Tract because these ordinances constitute an equal rights violation of Benchmark's constitutional rights under TEX. CONST. ART. I, § 3.

37.     Benchmark has been treated differently from others similarly situated, and there is no rational or reasonable basis for the difference in treatment.  The City's disparate treatment of Benchmark is not rationally related to any legitimate governmental objective.  As such, the City

has intentionally and arbitrarily discriminated against Benchmark in the application of the Ordinances on the Tract.

38.     Benchmark, therefore, requests a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, to the effect that the AZ-01 and M-1 zoning designations, under the City's Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions, are invalid, unconstitutional, null and void and of no force and effect on the Tract under the Texas Constitution.   Benchmark further asks for a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*,  that it is entitled to develop the Abbey Lakes development on the Tract as a single-family, residential development, to be approved by the City without any restrictions or reservations under Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions.   Benchmark also asks that the Court grant a declaratory judgment under TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq*, that Benchmark has a vested right in the development of the Tract as a single-family, residential development, free and unrestricted from these invalid ordinances.

39.     All conditions precedent to the Plaintiff's claims for relief against the Defendant have occurred or have been performed.

### *Request for Permanent Injunction*

40.     As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-39 and pleads the following claims for relief.  Pursuant to Tex. Civ. Prac. & Rem. Code §§ 65.011 and 65.015, the provisions of Tex. Civ. Prac. & Rem. Code § 37.001, *et seq*., and Tex. Loc. Gov't Code § 245.001, *et seq*., Benchmark requests that the Court grant a permanent injunction to restrain and enjoin the City from enforcing or restricting Benchmark's Tract as part

of the City's Airport Zoning District 1 or for light-industrial use only under the AZ-01 and M-1 zoning restrictions, or from otherwise enforcing the City's unconstitutional or void Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions, against the Tract, as set forth above, or from otherwise restricting or preventing Benchmark, its contractors, agents, successors, assigns and privies, from developing or building single-family, residential homes on the Tract. The City's enforcement of these Ordinances on the Tract will cause Benchmark imminent and irreparable harm.

41.     As set forth above and hereafter, Benchmark has demonstrated a probable right of recovery.  As a result of the City's actions, Benchmark will sustain an injury, which is imminent and irreparable. Benchmark has no adequate remedy at law.  Accordingly, Benchmark requests a permanent injunction against the City, as set forth above.

42.     Plaintiff is entitled to recover costs, including reasonable and necessary attorney's fees that are equitable and just, through trial and any appeals, under Tex. Civ. Prac. & Rem. Code § 37.009, as pleaded in paragraph 62, incorporated by reference herein.

43.     All conditions precedent to Plaintiff's right to recover injunctive relief from Defendant have occurred or have been performed.

### *Inverse Condemnation under the Texas Constitution*

44.     As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-30 and pleads the following claims for relief.  The City's conduct resulted in a taking, damage, destruction and application of Benchmark's property (e.g., the City interfered with Benchmark's right to use, enjoy and develop the Tract by wrongfully restricting its use–resulting in regulatory inverse condemnation).  The City's enactment of Ordinance Nos. 1571 and 1578

against the Tract constituted a taking by the City under TEX. CONST. ART. I, § 17.  Under the Texas Constitution, where the City has taken, damaged, destroyed or applied Benchmark's property to public use without adequate compensation being made, Benchmark is entitled to bring an inverse condemnation action to recover "adequate" or "just" compensation for the taking. Such conduct violates TEX. CONST. ART., § 17, which prohibits the taking, damaging, destruction, and application of a person's private property for public use without adequate compensation. The City has not instituted condemnation proceedings against the Tract.

45.     The City's zoning Ordinances on the Tract unreasonably interfered with Benchmark's right to use and enjoy the Tract and imposed too much of a regulatory burden on one owner-Benchmark-for the public's sake.

46.     A regulatory taking of Benchmark's Tract occurred by the City, in violation of Benchmark's rights under TEX. CONST. ART. I, § 17, because the City's zoning Ordinances on the Tract denied Benchmark all economically beneficial or productive use of its land. As a proximate cause of the City's Ordinance Nos. 1571 and 1578 against the Tract, the Ordinances have effectively forced Benchmark to leave the Tract in its natural state for at least the last nine years. As a result of these zoning regulations, Benchmark's land is being forced into public service without just compensation.  Benchmark has been forced to leave the Tract economically idle.  No economically viable use of the land has been permitted by the City to Benchmark under the City's zoning Ordinances on the Tract.

47.     As a result or proximate cause of the City's regulatory taking, damaging or destroying of Benchmark's Tract, Benchmark is entitled to recover adequate or just compensation from the City for the Tract under the provisions of TEX. CONST. ART. I, § 17, plus prejudgment interest on any sums awarded, within the jurisdictional limits of the Court.

48.     All conditions precedent to the Plaintiff's claims for relief against the Defendant have occurred or have been performed.

49.     As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-30 and pleads the following claims for relief.  The City's enactment of Ordinance Nos. 1571 and 1578 against the Tract constituted a taking by the City under TEX. CONST. ART. I, § 17.  The City's conduct resulted in a taking, damage, and destruction of Benchmark's property (e.g., the City interfered with Benchmark's right to use, enjoy and develop the Tract by wrongfully restricting its use–resulting in regulatory inverse condemnation).   Under the Texas Constitution, where the City has taken, damaged, destroyed or applied Benchmark's property to public use without adequate compensation being made, Benchmark is entitled to bring an inverse condemnation action to recover "adequate" or "just" compensation for the taking. Such conduct violates TEX. CONST. ART. I, § 17, which prohibits the taking, damaging, destruction, and application of a person's private property for public use without adequate compensation. The City has not instituted condemnation proceedings against the Tract.

50.     The City's zoning Ordinances on the Tract unreasonably interfered with Benchmark's right to use and enjoy the Tract and imposed too much of a regulatory burden on one owner-Benchmark-for the public's sake.

51.     The City's zoning Ordinances on Benchmark's Tract unreasonably interfered with Benchmark's use and enjoyment of its property under the following factors:

- The economic impact of the Ordinances on Benchmark: The City's zoning Ordinances on the Tract have had a severe economic impact on the land. Benchmark has been unable to develop the Tract for residential use as a result of the Ordinances.

- The Ordinances have unreasonably interfered with Benchmark's reasonable investment-backed expectations.

- The City's actions in enacting and implementing the Ordinances on the Tract operated against Benchmark's economic interests for the City's own advantage.

- The character of the governmental action--The City's zoning Ordinances on the Tract--have resulted in a regulatory taking of Benchmark's Tract without adequate compensation, in violation of Benchmark's rights under TEX. CONST. ART. I, § 17.

52.     As a result or proximate cause of the City's regulatory taking, damaging or destroying of Benchmark's Tract, Benchmark is entitled to recover adequate or just compensation from the City for the Tract under the provisions of TEX. CONST. ART. I, § 17, plus prejudgment interest on any sums awarded, within the jurisdictional limits of the Court.

53.     All conditions precedent to the Plaintiff's claims for relief against the Defendant have occurred or have been performed.

54.     As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-30 and pleads the following claims for relief.  The City's conduct resulted in a taking, damage, destruction, and application of Benchmark's property (e.g., the City interfered with Benchmark's right to use, enjoy and develop the Tract by wrongfully restricting its use–resulting in regulatory inverse condemnation).  The City's enactment of Ordinance Nos. 1571 and 1578 against the Tract constituted a taking by the City under TEX. CONST. ART. I, § 17.  Under the Texas Constitution, where the City has taken, damaged, destroyed or applied Benchmark's property to public use without adequate compensation being made, Benchmark is entitled to bring an inverse condemnation action to recover "adequate" or "just" compensation for the taking. Such conduct violates TEX. CONST. ART. I, § 17, which prohibits the taking, damaging, destruction, and

application of a person's private property for public use without adequate compensation. The City has not instituted condemnation proceedings against the Tract.

55.     The City's zoning Ordinances on the Tract unreasonably interfered with Benchmark's right to use and enjoy the Tract and imposed too much of a regulatory burden on one owner-Benchmark-for the public's sake.

56.     The application of the City's zoning laws under the Ordinances to Benchmark's Tract effected a taking because the Ordinances did not substantially advance legitimate state interests of the City or they denied Benchmark all economically viable use of its land.

57.     As a result or proximate cause of the City's regulatory taking, damaging or destroying of Benchmark's Tract, Benchmark is entitled to recover adequate or just compensation from the City for the Tract under the provisions of TEX. CONST. ART. I, § 17, plus prejudgment interest on any sums awarded, within the jurisdictional limits of the Court.

58.     All conditions precedent to the Plaintiff's claims for relief against the Defendant have occurred or have been performed.

### *Request for Writ of Mandamus*

59.     As an additional or alternative cause of action, without waiving the foregoing, Benchmark realleges and incorporates by reference herein those allegations contained in paragraphs 1-30 and pleads the following claims for relief.

60.     On or about July 24, 2014, Benchmark submitted a Supplemental Application for General Land Plan for a Residential Development of the Tract to the City, together with a Traffic Impact Analysis, Park calculations, conceptual service plans for water, wastewater and drainage showing coordination with the City's master plans, and other studies and documents (the "Supplemental Application").  The City failed to act on this filing within thirty days, as required

under TEX. LOC. GOV'T CODE §§ 212.009.  A plat is considered approved by the City unless it is disapproved within this period.  Benchmark has no record of any action taken by the City on its Supplemental Application.  Though requested by Benchmark, the City also failed or refused to issue a certificate to Benchmark as required under TEX. LOC. GOV'T CODE §§ 212.009(d).

61.     The City had a legal duty to perform a non-discretionary act with respect to Benchmark's submittal or filing.  Though Benchmark demanded that the City perform the act, the City arbitrarily failed and refused to perform.  Accordingly, Benchmark requests that the Court issue a writ of mandamus against the City to perform its ministerial duty under TEX. LOC. GOV'T CODE § 212.009, requiring the City to approve the Supplemental Application and plat or otherwise compelling the City's zoning and planning commission to issue a certificate of no action on the submitted Supplemental Application.

### *Attorney's Fees*

62.     Benchmark has retained the undersigned attorneys to represent it in this action and has agreed to pay the firm reasonable and necessary attorney's fees.  Plaintiff is entitled to recover costs, including reasonable and necessary attorney's fees that are equitable and just, through trial and any appeals, pursuant to, among other provisions, Tex. Civ. Prac. & Rem. Code § 37.009.  Plaintiff requests that it be allowed to recover all costs against the City, including reasonable and necessary attorney's fees through trial and the Court's approval of attorney's fees in the event of an appeal to the Court of Appeals and/or the Supreme Court of Texas, or any other appellate court.

## VII.   PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, BENCHMARK ACQUISITIONS, LLC, requests that Defendant, the CITY OF SUGAR LAND, be cited to appear and answer herein, and that upon final trial hereof, Benchmark have and recover judgment against the City as follows:

a.   Declaratory relief under the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.*, as set forth above;

b.   A permanent injunction enjoining and restraining the City from enforcing or restricting Benchmark's Tract as part of the City's Airport Zoning District 1 or for light-industrial use only under the AZ-01 and M-1 zoning restrictions, or from otherwise enforcing the City's Ordinance Nos. 1571 and 1578, or any other offending designation or restrictions, against Benchmark or the Tract, or from otherwise restricting or preventing Benchmark, its contractors, agents, successors, assigns and privies, from developing or building single-family, residential homes on the Tract;

c.   A writ of mandamus, as set forth above;

d.   Actual damages, including any incidental or consequential damages allowed by law, in an amount within the jurisdictional limits of the court;

e.   Attorney fees through trial and any appeals, including any costs;

f.   Pre-judgment and post-judgment interest on any sums awarded at the highest legal rate as provided by law until paid;

g.   Costs of suit; and

h.   Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully Submitted,

/s/ Rusty Hardin, Jr.
Russell Hardin, Jr.
Attorney-in-Charge
State Bar No. 08972800
Federal I.D. No. 19424
rhardin@rustyhardin.com
Derek S. Hollingsworth
State Bar No. 24002305

Federal I.D. No. 34569
dhollingsworth@rustyhardin.com

RUSTY HARDIN & ASSOCIATES, LLP
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas  77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800


**HOOVER SLOVACEK LLP**


BY:  /s/ Patrick D. Sullivan
        Patrick D. Sullivan
        State Bar No. 00791758
        sullivan@hooverslovacek.com
        5051 Westheimer, Suite 1200
        Houston, Texas 77056
        (713) 977-8686 Phone
        (713) 977-5395 Fax

        **ATTORNEYS FOR PLAINTIFF,
        BENCHMARK ACQUISITIONS, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2016, a true and correct copy of the foregoing pleading was sent as indicated to all counsel of record in accordance with Fed. R. Civ. P. 5, as follows:

John J. Hightower                 ***Via facsimile transmission (713) 533-3888***
jhightower@olsonllp.com
Allison S. Poole
apoole@olsonllp.com
Olson & Olson, L.L.P.
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019


        /s/ Patrick D. Sullivan
           Patrick D. Sullivan